399 So.2d 1300 (1981)
Gayle FREY
v.
Geraldine Galle, Wife of/and Merlin GALLE.
No. 11996.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1301 Wiley J. Beevers, Metairie, for plaintiff-appellant.
John G. Lankford, Lankford, Schneider & Lankford, New Orleans, for defendants-appellees.
Before BOUTALL, SCHOTT and BARRY, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a dismissal of her suit for damages sustained when she allegedly fell through a hole in the floor of the kitchen of the premises she rented from defendant. The issue is whether under the facts and circumstances of this case plaintiff is precluded from recovery where she knew about the defective floor for a long period of time before the accident, never complained about the defect to the landlord, and had the accident under circumstances where she clearly assumed the risk of the accident which allegedly caused her to be injured.
According to plaintiff the accident happened on September 5, 1978, when she stepped across the kitchen floor to the sink to obtain a glass of water for a visitor, Bernadette Jackson. She testified that her foot and leg went through a hole in the floor to the torso of her body and that Bernadette Jackson witnessed the accident. She further testified that she had known the floor was rotten since October, 1976, when she procured an estimate from a carpenter to repair the floor, and that she reported this condition to defendants at that time.
Defendants denied getting such a report from plaintiff. They testified along with their son that various repairs had been made in the premises at plaintiff's request, but no mention was ever made of the floor. The trial judge resolved this conflict in favor of defendants and the record provides no basis for an opposite finding in this court. We find as did the trial judge that the plaintiff knew the floor in the kitchen was rotten for two years before the accident, but she never complained about the condition to the landlords who were unaware of the problem.
The trial judge dismissed plaintiff's suit on the basis of contributory negligence. In this court plaintiff argues that defendants are strictly liable under C.C. Art. 2322 and that contributory negligence is not a legal defense to a claim based on strict liability.
This question was discussed at length in Wunstell v. Crochet, 325 So.2d 727 (La.App. 4th Cir. 1976) and the court concluded that the tenant's recovery against her landlord would be barred by the defense of assumption of the risk where plaintiff was fully aware of the risk created and knew her action could produce a disastrous result, yet she voluntarily proceeded to encounter the risk. While the trial judge labeled plaintiff's conduct as contributory negligence the defense of assumption of risk was pleaded and applies to this case since plaintiff was well aware of the rotten floor and for a long period of time voluntarily assumed the risk of using the floor despite the imminent danger. See Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).
*1302 Also applicable is the language of Redd v. Sokoloski, 2 So.2d 266 (La.App. 2nd Cir. 1941) where the court stated:
"... From our study of such authorities, we understand the rule to be that where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appears that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted."
Applying this principle to the facts of this case plaintiff was aware of the rotten floor in her kitchen, and, since that condition was such as to indicate to any reasonable person that the use of the kitchen floor, without regard to the area where the boards were rotten was apparently and imminently dangerous, she is precluded from recovery.
In his reasons for judgment the trial judge discussed a number of points in plaintiff's testimony which were conflicting and unbelievable and he obviously did not consider her a credible witness. Although he makes no mention of it in his reasons for judgment the testimony of Bernadette Jackson is significant. She denied seeing the accident but stated that before the accident took place plaintiff showed her the hole in the kitchen floor, which plaintiff normally kept covered over with a small rug, and plaintiff told her that she (plaintiff) was going to fall into the hole deliberately and sue defendants for damages.
We have concluded that while the dismissal of plaintiff's case by the trial judge on the basis of contributory negligence was perhaps a technical error in the use of legal terminology, he correctly dismissed plaintiff's suit on the basis of assumption of risk and the judgment is affirmed.
AFFIRMED.